PIERI *et al. v.* SEVIER.

(Division B. Jan. 2, 1933. Suggestion of Error Overruled Jan. 16, 1933.)

[145 So. 97. No. 30307.]

Watkins, Watkins & Eager, of Jackson, for appellants.

574

Louis Cochran and **W. M. Denny,** both of Jackson, for appellee.

Argued orally by **W. H. Watkins, Jr.**, for appellant.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellee, Sevier, was complainant in the court below, and filed a bill in the chancery court of Humphreys county, where Sevier and Pieri both lived, against Pieri and the School Book Supply Company, a corporation of Jackson, Hinds county, Mississippi, for the

purpose of canceling a contract between the School Book Supply Company and Pieri, and to force the School Book Supply Company to make a contract with the complainant.

The School Book Supply Company had a contract to supply school books to the schools of the state, and was required to have at least two agencies, or agents, in each county from whom school books could be obtained for use in the public schools.

In Humphreys county the School Book Supply Company entered into a contract with Turner Bros., at Belzoni, Mississippi, and had an application from a man named Weiss in Belzoni, for the other agency in that county. Weiss' application had been filed, but not approved, and no action had been taken thereon, although the schools were in operation and books were being sold by Turner Bros.

Sevier, in November, 1930, took up with the School Book Supply Company the proposition of obtaining the other agency in Belzoni, Mississippi. The School Book Supply Company, by its vice president and general manager, acknowledged receipt of the application, and stated that it would be considered when the matter of agencies for the counties was taken up; but the writer discouraged Sevier, by a letter to him, about taking an agency, and later went to Belzoni and had a conference with Sevier in which he sought to have him withdraw his application, stating that it would be an expensive matter to the company to keep two agencies there, and especially two agencies, as these were, that were unfriendly to each other, there being some business hostility between Turner Bros. and Sevier. Finally, the business manager told Sevier that he would not give him a contract, and that there was but one way by which they could be forced to do so, and that was by mandamus. A mandamus suit was filed by Sevier, or at his instance, in Hinds county, to compel the establishment of two agen-

cies for school books at Belzoni, it being a municipality of over two thousand inhabitants when this suit was filed.

The president of the School Book Supply Company called Pieri over the 'phone and suggested to him that he make application for the other agency, which he did, tendering a contract and bond, and the agency contract was made with Pieri.

Sevier conceived the idea that he had a right to a contract by virtue of having made application and tendering contract and bond prior to Pieri, and filed suit, as above stated.

Section 6811, Code of 1930, is the statute involved in this matter. It will be noted from reading this section that it provides that there must be "two or more agencies for the distribution of the books contracted for and one of the distributing points shall be the county site and where there are two county sites in the county a distributing point shall be maintained at each; and said agencies shall sell to all persons desiring to purchase said books, to the patrons of the public schools; and the contractor shall make arrangements with two or more book sellers or merchants in town of two thousand or more inhabitants that they may apply for agencies to handle and distribute the books at said places; provided, that such applicant for any agency shall execute and tender to said contractor a valid contract and bond conditioned for the faithful and efficient performance of his trust as the agent of said contractor; and provided further, that said contractor and said applicant for said agency agree as to the terms and conditions of said agency, or contract, and the amount of said bonds; and it shall be unlawful for said contractor, either directly or indirectly, to give any applicant complying with the provisions of this article any advantage over another in the contract or terms of such agency."

The appellee relied upon the latter part of the statute, that it "shall be unlawful for said contractor, either

directly or indirectly, to give any applicant complying with the provisions of this article any advantage over another.''

In our opinion, the bill was not maintainable. The appellee (complainant below) acquired no rights enforceable in the chancery court or in any other court.

Before a person can secure a contract, or secure rights enforceable at law under this statute, he must procure an agency contract. The School Book Supply Company had a right to select its own agents. It was under duty to select the number of agents required by law, but it had the right to select the persons to act as such agents.

The provision in the statute relied upon by the appellee that it shall be unlawful for said contractor to give any applicant any advantage over another is to prevent the giving of more favorable terms to one over another, after the agency has been approved by the contractor. It prevents the making of more favorable contracts with one than with another; but does not give any person the right to secure an agency.

The contractor in the case at bar, the School Book Supply Company, did not have to award the contract to any applicant who signed a contract and gave bond, but it had the right to select the persons with whom it was to do business, as to type and character, and to select people who should exercise discretion in promoting business, and lighten the expenses of the contractor in conducting the agency.

The president of the School Book Supply Company found, in this case, that hostility existed between Turner Bros. and Sevier. He testified that this condition would entail additional expense upon the School Bank Supply Company in keeping two agencies at Belzoni fully stocked at all times; that the condition which existed would prevent one agency from securing supplies from the other when an emergency arose; that the condition, as he found it, would require the company to keep, at all times, all

books in each store. And further that the rivalry and ill feeling between Turner Bros. and Sevier would injure business, and he thought it would not be desirable to have these two firms, who were hostile to each other, made the only two agencies in Belzoni.

If the complainant had a correct theory about the case, he still would not be entitled to maintain this suit, because another applicant had filed ahead of him, and his application would be entitled to as much respect as that of the complainant.

However, the School Book Supply Company, as above stated, was not compelled to accept a contract tendered to it, although sufficient in form and secured by bond. It had the right to select its own agents.

The chancery court, in our opinion, could not coerce the appellant, the School Book Supply Company, into contracting with the complainant, nor could it cancel Pieri's contract.

We do not pass upon the question as to whether the suit, if maintainable, would have to be brought in Hinds county where the corporation, the School Book Supply Company, is domiciled. In our opinion, under no conditions disclosed by the record, did the chancery court have any jurisdiction at all, because the chancery court cannot make contracts. The parties themselves must do the contracting. The chancery court cannot fix the terms of contracts, that must be done by the parties, and that was not done here, and constitutes an insuperable barrier to the complainant's maintaining this suit.

The judgment of the court below will be reversed, and the bill dismissed.

Reversed, and bill dismissed.